**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 4, 2014[*]
Decided June 4, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-1162

| | |
|---|---|
| GREGG MOORE, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellant,* | |
| *v.* | |
| | No. 12 C 4992 |
| MARIA ROSE BLAIR, et al., | |
| *Defendants-Appellees.* | Harry D. Leinenweber, *Judge.* |

## O R D E R

Gregg Moore, who apparently is a recently naturalized citizen from Nigeria, appeals the dismissal of his civil-rights suit for lack of subject-matter jurisdiction. We dismiss the appeal for failure to file an adequate brief.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and record, we have concluded that the case is appropriate for summary disposition. Thus, the appeal is submitted on the brief and record. *See* FED. R. APP. P. 34(a)(2)(C).

The background facts of this suit are murky. As best we can tell from the brief and record, Moore filed a petition for United States citizenship that was denied in 2009. He responded by initiating a civil-rights lawsuit in late 2011 that vaguely challenged the denial of his petition and two Illinois convictions (one in 2005 for battery and another in 2011 for resisting a police officer). Whatever problems Moore faced in his citizenship petition apparently were resolved (the record includes a letter from U.S. Citizenship and Immigration Services inviting him to attend a naturalization ceremony in November 2013), and Moore amended his form complaint, asking the district court to vacate his criminal convictions and backdate his citizenship to 2009. The court held a hearing and then dismissed the suit for want of jurisdiction, citing "the reasons stated in open court" and the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

On appeal, Moore maintains that his state-court convictions should be vacated and his citizenship backdated, but he fails to specify any error on the district court's part and neglects even to provide a transcript of the hearing in which the court explained its decision. We give pro se appellants leeway and do our best to discern the legal basis for their arguments, but an appellant must articulate some ground for challenging the judgment. *See* FED. R. CIV. P. 28(a)(8); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001). Moore's failure to do so means that we have nothing to review.

DISMISSED.